Maurice W. McCann, J.
This defendant moves for dismissal the five indictments returned against him on November 7, 1962 by a Supreme Court Grand Jury, charging this defendant in various counts with the felonies of burglary and grand larceny and the misdemeanors of petit larceny and conspiracy. These indictments were transferred to this court for trial and disposition. They bear Nos. 62-27, 62-28, 62-29, 62-30 and 62-31.
The defendant makes this motion under section 668 of the Code of Criminal Procedure which provides as follows: “ If a defendant, indicted for a crime whose trial has not been postponed upon his application, be not brought to trial at the next term of the court in which the indictment is triable, after it is found the court may, on application of the defendant, order the indictment to be dismissed, unless good cause to the contrary be shown.”
The defendant in his moving papers states that he was arrested and committed to the Steuben County Jail on September 19, 1962. That on February 18, 1963 he was sentenced by the Steuben County Court to the Elmira Deception Center to serve a reformatory term under which he is presently incarcerated. It is the defendant’s claim that he has been in close confinement since September 19, 1962.
On September 11, 1963 the defendant initiated an inmate’s notice and request pursuant to section 669-a (subd. 1, par [a]) of the Code of Criminal Procedure addressed to the District *531 Attorney of Tates County requesting that a final disposition be made of a Yates County Bench warrant dated November 30, 1962 charging burglary third degree, grand larceny, second degree, petit larceny and conspiracy. That thereafter and on November 4, 1963 this court by remand order directed that the defendant be brought before it for arraignment on the five indictments. That said arraignments took place on December 9 at which time a plea of not guilty to all indictments was entered.
The defendant has correctly stated that subsequent to his being indicted that in 1963 there were regular Trial Terms of this court held in the months of January, May and September when the indictments could have been tried and dispositions made of any or all of them, the defendant has never made applications to postpone trial of any of the indictments.
The District Attorney in his reply sets forth the fact that the Bench warrant issued November 30, 1962 was sent to Steuben County where the defendant was then detained and that the warrant was not honored, that the District Attorney’s office was notified in February, 1963 of defendant’s sentence to Elmira Reformatory and of his transfer to Schuyler County to answer indictments pending there. The District Attorney contends that the defendant could not have been arraigned at the January 1963 Term of Yates County and further that Schuyler County’s Trial Term coincided with Yates County’s Trial Term, and justified lack of action. The District Attorney admits that defendant’s arraignment could have taken place at the September 1963 Term of court.
The defendant’s counsel asserted that an order could have been obtained returning the defendant to this county for arraignment.
With this assertion this court must agree even though it might have been cumbersome and a bit of a chore.
The District Attorney claims that the defendant’s arraignments under section 669-a of the Code of Criminal Procedure were well within the 180-day limitation provided by that section.
Defendant’s counsel in his oral argument before this court answers the District Attorney’s contention by pointing out that the Court of Appeals in People v. Masselli (13 N Y 2d 1, 6) said: “ there was no obligation on- the prisoner to demand a speedy trial but a duty on the prosecution to bring him to trial promptly even though he was in prison and made no demand.”
Thus it is seen that it is immaterial whether or not this defendant instituted a proceeding under section 669-a of the Code of Criminal Procedure nor is the timing thereof material.
*532 The defendant contends that the People made no effort at all to move any of these indictments for trial or any other disposition at any of the three uncongested Trial Terms of this court in the year 1963 and he further vigorously contends that a 13 months’ delay is a violation of his right to a speedy trial and is in violation of his constitutional rights. He further contends that the People through the District Attorney have failed to show good cause for not trying these indictments.
The defendant calls to this court’s attention a number of cases which hold that such a delay as was had in the instant case was unreasonable.
In People v. Bryant (12 N Y 2d 719, 720) the court said: “ The nearly two-year delay * * * is prima facie unreasonable.”
In People v. Prosser (309 N. Y. 353) (the granddaddy of cases construing § 668) the Court of Appeals said at pages 358-359: “It is the state which initiates the action and it is the state which must see that the defendant is arraigned. It is likewise the state which has the duty of seeing that the defendant is speedily brought to trial. * * * The plain language of section 668 unerringly points that conclusion. In effect, it calls for dismissal of an indictment, if its trial is unduly put off, ‘ unless good cause to the contrary be shown. ’ * * * The Report of the Commissioners on Practice and Pleading, who drafted section 668, further demonstrates that it was not designed to shift the responsibility for a prompt trial to the defendant, or to prevent him from taking advantage of slow moving or dilatory prosecution. The fact is that some such remedy as a motion to dismiss was regarded as necessary because, under the then 1 existing practice ’ it all too frequently happened that an indictment was ‘ kept forever suspended over the head of the defendant. ’ * * * The sole purpose of section 668 when enacted, therefore, was to provide relief for persons denied a speedly trial”.
In view of (1) the foregoing facts; (2) the provisions of section 668 of the Code of Criminal Procedure; (3) the repeated interpretation of section 668 by the Court of Appeals directing that the section be strictly construed, the court finds that it must of necessity, with great reluctance, grant the defendant’s motion to dismiss each of the five indictments.